**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PRESTON WAYNE WALTERS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-01802** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CAMP HILL STATE CORRECTIONAL** | : | |
| **INSTITUTION, et al.,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Plaintiff Preston Wayne Walters ("Plaintiff"), who is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania. (Doc. No. 1.) He has commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated at SCI Camp Hill. (<u>Id.</u>) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

## I.    BACKGROUND

On November 10, 2022, while Plaintiff was incarcerated at SCI Camp Hill, he filed his Section 1983 complaint against the following Defendants: (1) SCI Camp Hill; (2) Superintendent Laurel Harry ("Harry"); (3) Infirmary Unit Manager Ms. Newsome ("Newsome"); (4) Law Librarian Supervisor Ms. Criley ("Criley"); and (5) Law Librarian Mr. Schinbelly

---

[1] <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

("Schinbelly").  (Doc. No. 1 at 1-2.)  In addition to his complaint, Plaintiff also filed a certified

motion for leave to proceed in forma pauperis and his prisoner trust fund account statement.

(Doc. Nos. 2, 3.)  The Court, having reviewed Plaintiff's motion and trust fund account

statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In the complaint, Plaintiff asserts various allegations concerning, among other things,

how he was denied access to the law library and legal aid while he was housed in the infirmary at

SCI Camp Hill between May of 2020 and March of 2022.  (Doc. No. 1 at 2-3.)  More

specifically, Plaintiff  alleges that, on May 15, 2020, he was moved to the infirmary by Dr.

Edwards, a non-defendant, for a twenty-four (24) observation.  (Id. at 2.)  Plaintiff alleges that

this turned into a prolonged stay due to medical reasons.  (Id.)

In February of 2021, while Plaintiff was housed in the infirmary, he wrote to the "U.S.

Middle District[,]" seeking an extension of time to file a federal habeas corpus petition.  (Id.)

Plaintiff alleges, however, that his request was denied because his "time expired."  (Id.)  Plaintiff

alleges that he "did [n]ot give up," and he made numerous attempts to go to the prison's law

library.  (Id. at 3 (explaining that he wrote to "[m]ulitple D.O.C. staff" requesting to go to the

law library or receive legal aid because he needed to file a federal habeas corpus petition).)

Plaintiff claims that his requests went unanswered or were denied.  (Id. (alleging that his requests

were denied due to his placement in the infirmary, which "has NO LAW LIB").)

Plaintiff alleges that, nearly a year later, on February 11, 2022, a fellow inmate in the

infirmary "showed" him that he was "[e]ntitled" to legal aid while housed in the infirmary since

he was not allowed to leave the infirmary.  (Id.)  As a result, Plaintiff alleges that he wrote a

grievance and that only six (6) days later he received a pass from correctional officer Tilden, a

non-defendant, to go to the law library.  (Id.)  Plaintiff alleges that, at the law library, he met

Defendant Schinbelly, who provided him with federal habeas petitions and "set [him] up" on a computer.  (<u>Id.</u>)  Plaintiff alleges that Defendant Schinbelly explained that "this [was] a one time ordeal permitted by dept. Kendall" and that Plaintiff only had two (2) hours "so [he] best make the most of it."  (<u>Id.</u>)  Plaintiff alleges that he did not know what he was doing or what he was looking for and, so, Defendant Schinbelly also "set [him] up" with federal habeas corpus law.  (<u>Id.</u>)

Plaintiff alleges that he subsequently requested to go to the law library, but that on March 10, 2022, he was removed from the infirmary and placed on I Block.  (<u>Id.</u>)  Plaintiff alleges that he was removed from the infirmary because of the grievance he submitted on February 11, 2022, wherein he complained about being denied access to the law library and legal aid while housed there.  (<u>Id.</u>)  Plaintiff alleges that, after he was moved to I Block he "immediately started a search for help."  (<u>Id.</u> (explaining that he met an inmate on I Block who worked in the law library and told Plaintiff he would assist him).)

In addition, Plaintiff alleges that Defendants Criley and Schinbelly "removed all wordpads from every computer" in the law library.  (<u>Id.</u>)  Plaintiff alleges that this has made it "impossible" for the inmates to get a "pc" and that it has caused "loads" of inmates at SCI Camp Hill to miss deadlines.  (<u>Id.</u>)  Plaintiff also alleges that Defendant Harry has failed to "address[ ]" or "fix[ ]" this problem.  (<u>Id.</u>)

In addition to the foregoing allegations, Plaintiff's complaint also discusses the following: his communications with Mr. Palermo, a non-defendant, who appears to have been Plaintiff's counsel during either his state court criminal proceedings or state court post-conviction proceedings; various efforts that he and his mother made to obtain new counsel; and

an incident that occurred on March 13, 2022, when Plaintiff fell in the shower because there were no handicap shower stalls.  (Id. at 2-3.)

In connection with all of these allegations, Plaintiff claims that he has experienced "pain and suffering[,] IIED[,] cruel and unusual punishment[,] and multiple rights being broken" for not only him but also for "loads" of inmates in general population at SCI Camp Hill.  (Id. at 3.) As for relief, Plaintiff requests monetary damages, as well as injunctive and declaratory relief. (Id.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept

as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

III.    **DISCUSSION**

A.    **Section 1983**

Plaintiff has filed his complaint pursuant to the provisions of Section 1983, asserting violations of his constitutional rights.  (Doc. No. 1.)  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

### 1.    Defendant SCI Camp Hill

In the complaint, Plaintiff names SCI Camp Hill as a Defendant.  (Doc. No. 1 at 1.)
However, for the reasons discussed below, the Court finds that Defendant SCI Camp Hill has
Eleventh Amendment immunity and is not considered a "person" for purposes of claims asserted
pursuant to Section 1983.  Indeed, "[a]bsent waiver by the State or valid congressional override,
the Eleventh Amendment bars a damages action against a State in federal court."  See Kentucky
v. Graham, 473 U.S. 159, 169 (1985); Lombardo v. Pennsylvania, 540 F.3d 190, 194 (3d Cir.
2008) (explaining that "[t]he immunity of States from suit in the federal courts is a fundamental
aspect of state sovereignty").  It is well-established that the Commonwealth of Pennsylvania has
not waived this immunity, see 42 Pa. Const. Stat. Ann. § 8521(b), and that Congress did not
abrogate the States' Eleventh Amendment immunity in enacting Section 1983.  See Will v.
Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (stating that "Section 1983 provides a
federal forum to remedy many deprivations of civil liberties, but it does not provide a federal
forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"
(citation omitted)); Quern v. Jordan, 440 U.S. 332, 341 (1979) (explaining that Section 1983
does not override the States' Eleventh Amendment immunity).  Further, this Eleventh
Amendment immunity extends to all state agencies or departments "having no existence apart
from the state."  See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citation omitted).
As such, the DOC and its institutions, such as SCI Camp Hill, are entitled to the same Eleventh
Amendment immunity that the Commonwealth enjoys.  See 71 P.S. § 61(a).

Additionally, in order for Plaintiff to state a claim under Section 1983, he must allege that
a "person" acting under the color of state law deprived him of his constitutional rights. See
Rehberg v. Paulk, 566 U.S. 356, 361 (2012).  However, a state agency, such as the DOC and its

institutions, are not considered "persons" for purposes of Section 1983 and, thus, are not amenable to suit under this statute.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (stating that a state agency may not be sued under Section 1983 because it is not a "person" for purposes of that statute); Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (unpublished) (dismissing Section 1983 claims against the DOC and one of its institutions because they are entitled to Eleventh Amendment immunity and "are not persons subject to suit under" Section 1983).

Accordingly, for all of these reasons, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant SCI Camp Hill.  Any Section 1983 claims that Plaintiff has asserted against Defendant SCI Camp Hill will, therefore, be dismissed with prejudice from this litigation.

## 2.    Personal Involvement

Additionally, in order to plausibly allege a claim under Section 1983, Plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).  Accordingly, the Court turns to an assessment of the complaint's allegations against each individual Defendant.

### a.      Defendant Newsome

There is a complete absence of allegations in the complaint that would give rise to a plausible inference that Defendant Newsome was personally involved in any asserted deprivation of Plaintiff's federally protected rights.  While Defendant Newsome has been named in the caption of the complaint (Doc. No. 1 at 1) and has also been listed as a Defendant in the "DEFENDANT(s)" section of the complaint (id. at 1-2), she has not been mentioned anywhere else in the body of the complaint.  Without such allegations of personal involvement, however, liability cannot be imposed against Defendant Newsome under Section 1983.  As a result, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Newsome.

### b.      Defendant Harry

Defendant Harry, who has been named in Plaintiff's complaint as the Superintendent of SCI Camp Hill, is a supervisory official.  (Doc. No. 1 at 1.)  In the context of Section 1983, the United States Court of Appeals for the Third Circuit has recognized two theories of supervisory liability.  See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004); Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016).  Under one theory, a supervisor can be held liable if it is shown that he, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." See id. (citation and internal quotation marks omitted) (alteration in original); Parkell, 833 F.3d at 330.  Under the other theory, a supervisor can be held liable if it is shown that he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  See A.M. ex rel. J.M.K., 372 F.3d at 586; Parkell, 833 F.3d at 330.

Here, the Court finds that there are no allegations in the complaint which would raise the inference that Plaintiff has pleaded either one of these theories of supervisory liability against Defendant Harry.  Indeed, there are no allegations that Defendant Harry participated, directed, or knew of and acquiesced in any wrongdoing or that Defendant Harry was deliberately indifferent to the consequences of a policy, practice, or custom that he had established and maintained. While the complaint contains a conclusory allegation that Defendant Harry has violated his rights "by not addressing . . . or fixing" the wrongdoing alleged in the complaint (Doc. No. 1 at 3), such a conclusory allegation is not entitled to the assumption of truth.  See Ashcroft, 556 U.S. at 679 (stating that "conclusions[ ] are not entitled to the assumption of truth" and that, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (explaining that, even though a court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions" (citation omitted)).  As a result, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Harry.

### 3.    Defendants Criley and Schinbelly

As set forth above, Plaintiff's complaint alleges that Defendants Criley and Schinbelly "removed all wordpads from every computer" in the law library and that this has made it "impossible" for the inmates to get a "pc" and that it has caused "loads" of inmates at SCI Camp Hill to miss deadlines.  (Doc. No. 1 at 3.)  For the reasons discussed below, the Court finds that Plaintiff has not provided fair notice of his Section 1983 claims against these Defendants or the specific grounds upon which those claims rest.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ.

P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. <u>See</u> <u>Erickson</u>, 551 U.S. at 93. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] "has to show such an entitlement with its facts." <u>See</u> <u>Fowler</u>, 578 F.3d at 211 (citation and internal quotation marks omitted).

Here, however, the complaint has not provided fair notice of Plaintiff's claims against Defendants Criley and Schinbelly or the grounds upon which those claims rest. As a result, the Court has been left—and these Defendants, if served, would also be left—to speculate as to what claims have been asserted against them and what alleged conduct on their part gives rise to a violation of Plaintiff's constitutional rights. Thus, with regard to Defendants Criley and Schinbelly, the Court finds that Plaintiff's complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> <u>Garrett v. Wexford Health</u>, 938 F.3d 69, 93 (3d Cir. 2019) (stating that "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citations and internal quotation marks omitted)); <u>Binsack v. Lackawanna Cnty. Prison</u>, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]"). As a result, Plaintiff's Section 1983 claims against Defendants Criley and Schinbelly will be dismissed.[2]

---

[2]  To the extent that Plaintiff's complaint could be construed as asserting an access-to-courts claim against Defendants Criley and Schinbelly, the Court notes that there are no allegations that the conduct of these Defendants in removing "wordpads from every computer" at SCI Camp Hill (Doc. No. 1 at 3) hindered Plaintiff's efforts to pursue a legal claim, much less any allegations which would show, as a factual matter, how such a hindrance occurred. <u>See</u> <u>Rivera v. Monko</u>, 37 F.4th 909, 920-21 (3d Cir. 2022) (explaining, among other things, that "a plaintiff alleging an access-to-courts violation based on an inadequate prison law library or legal assistance program

###### 4.      Allegations Concerning Fellow Inmates

Plaintiff's complaint broadly asserts that the "rights" of his fellow inmates at SCI Camp Hill are being violated.  (Doc. No. 1 at 3.)  However, there is no request for class certification of the complaint and, more importantly, "[p]ro se litigants are generally not appropriate as class representatives."  See Hagan v. Rogers, 570 F.3d 146, 158-59 (3d Cir. 2009) (citation omitted); Lewis v. City of Trenton Police Dep't, 175 F. App'x 552, 554 (3d Cir. 2006) (unpublished) (concluding that the plaintiff-prisoner, who was proceeding pro se, "may not represent a putative class of prisoners" (citations omitted)); Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (unpublished) (noting that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates").  Thus, even though Plaintiff may represent himself as a pro se litigant in this action, he may not pursue Section 1983 claims on behalf of others, including a class of inmates at SCI Camp Hill.  Consequently, to the extent that Plaintiff seeks to assert such class claims by way of his complaint, these claims will be dismissed.

###### B.      Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his amended complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the

---

must 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'" (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)).  Because Plaintiff will be afforded the opportunity to file an amended complaint, he will have the opportunity to clarify the legal and factual basis of his claim against Defendants Criley and Schinbelly.

purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his claims against Defendant SCI Camp Hill would be futile, as this Defendant is immune from suit and is not a "person" for purposes of Section 1983.  In addition, the Court finds that granting Plaintiff leave to amend his allegations concerning fellow inmates at SCI Camp Hill would also be futile as Plaintiff, who has requested in forma pauperis status and who is currently proceeding pro se, is not permitted to seek relief on behalf of such inmates.  However, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies discussed above concerning his Section 1983 claims against Defendants Harry, Newsome, Criley, and Schinbelly.

Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.

Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

**IV.      CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff <u>in</u> <u>forma</u> <u>pauperis</u> status and will dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court will grant Plaintiff leave to file an amended complaint.  An appropriate Order follows.